IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JONATHAN D. OSWALT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:14cv956-WKW |
| ) | |
| SEDGWICK CLAIMS MANAGEMENT ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ | |
| JONATHAN D. OSWALT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:14cv968-WKW |
| ) | |
| BELLSOUTH TELECOMMUNICATIONS, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff sued his former employer, BellSouth Telecommunications, LLC, and its disability claims insurer, Sedgwick Claims Management Services, Inc.,[1] in separate lawsuits filed in the Circuit Court of Russell County, Alabama, for discriminating against him due to his disability. The defendants removed the actions to this court and, on defendants' motion,

---

[1] In the captions of his state court complaints, plaintiff identified these entities incorrectly as "AT&T" and "AT&T Integrated Disability Service Center." (Doc. # 1-1 at p. 2, Doc. # 1-2 at p. 2).

the actions were consolidated. Thereafter, plaintiff sought to amend his complaint to allege tort and statutory claims arising under state law. Upon review of the proposed amended complaints filed by plaintiff (Docs. ## 32, 39)[2] and the court's record of plaintiff's Chapter 7 bankruptcy proceeding,[3] the court concludes that the plaintiff lacks prudential standing to prosecute the present claims and, therefore, that both actions are due to be dismissed without prejudice.

## Procedural Background

Plaintiff commenced the present actions on January 16, 2014, in state court. (See Doc. ## 1-1, 1-2). The state court records reflect a period of dormancy in both cases until August 29, 2014, when plaintiff filed an application for entry of default in the case against Sedgwick and a request for a hearing to determine the amount of his monetary damages. (Doc. # 1-2, pp. 8-9). On September 12, 2014, the defendants removed the actions to this court. (Doc. # 1 in both cases). Plaintiff filed a notice in this court on September 24, 2014, requesting "a jury trial under his seventh amendment rights for monetary damages to be determined." (Doc. # 6).

Five weeks thereafter, on October 29, 2014, plaintiff signed a declaration verifying a bankruptcy petition, statements and schedules; on November 5, 2014, plaintiff's bankruptcy

---

[2] Unless otherwise specified, documents of record are cited by reference to the docket in the lead case, Civil Action No. 3:14cv956-WKW.

[3] The court may take judicial notice of its own records. See Bobadilla v. Aurora Loan Services, LLC, 478 F. App'x. 625, 627 (11th Cir. 2012)(rejecting appellants' contention that the Magistrate Judge erred by taking judicial notice of their bankruptcy proceedings; observing that a court "may take judicial notice of its own records and the records of inferior courts" and "may do so at any state of the proceeding)(citing United States v. Rey, 811 F.2d 1453, 1457 n. 5 (11th Cir. 1987) and Fed. R. Evid. 201(c)).

attorney filed plaintiff's voluntary Chapter 7 bankruptcy petition, with accompanying statements and schedules, in the United States Bankruptcy Court for this district. (See Bankruptcy Case No. 14-81497, Doc. # 1 (petition and attachments), Doc. # 4 (debtor's declaration)). The next day, the bankruptcy clerk issued a notice identifying Cecil M. Tipton, Jr., as the trustee of the bankruptcy estate. (Id., Doc. # 7). On February 17, 2015, the bankruptcy court granted plaintiff a "no asset" discharge. (Bankruptcy Proceeding Doc. ## 10, 11). The bankruptcy court issued an order that same day discharging Tipton as trustee of the debtor's bankruptcy estate, cancelling the trustee's bond, and closing the estate. (Id., Doc. # 12).

## Discussion

*The Causes of Action Belong to Plaintiff's Bankruptcy Estate*

When a debtor commences a bankruptcy case by filing a petition seeking relief under the bankruptcy code, a bankruptcy estate is created that includes – with limited exception not applicable to the present claims – "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); see also id., § 301. Such property includes all claims or causes of action that accrued to the debtor before he filed the bankruptcy petition. Parker v. Wendy's International, Inc., 365 F.3d 1268, 1272 (11th Cir. 2004). Thus, when plaintiff filed his Chapter 7 petition on November 5, 2014, all of his interest in the causes of action that are pending in this court – both legal and equitable – became property of his Chapter 7 bankruptcy estate and no longer belonged to the plaintiff personally. "[I]n a Chapter 7 case, a trustee is appointed who is charged with the duty of

3

liquidating the assets in the debtor's bankruptcy estate with the goal of satisfying as many of the creditors' claims as possible." In re Alvarez, 224 F.3d 1273, 1277 n. 9 (11th Cir. 2000). "A trustee in bankruptcy succeeds to all causes of action held by the debtor at the time the bankruptcy petition is filed." Jones v. Harrell, 858 F.2d 667, 669 (11th Cir. 1988). The trustee of a bankruptcy estate may, after notice and a hearing, "abandon" assets of the estate (see 11 U.S.C. § 554(a), (b)) – *i.e.*, transfer ownership of an estate asset back to the debtor. Additionally, unless the bankruptcy court orders otherwise, any estate assets that are "scheduled" by the debtor as required by § 521(1) are abandoned to the debtor if they are not administered by the trustee before the estate is closed. Id., § 554(c); see also § 521(1)("The debtor shall ... file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs[.]").

    The court's record of plaintiff's bankruptcy proceeding reflects no abandonment of any estate asset by the trustee while the bankruptcy case was pending. (See Docket in Bankruptcy Case No. 14-81497; id. at Doc. # 10 (Trustee's Report of No Distribution)). Additionally, plaintiff did not include the causes of action set forth in his complaints and proposed amendments on his schedule of assets (see Schedule B to Bankruptcy Petition, Bankruptcy Proceeding Doc. # 1 at pp. 17-19; id. at p. 18 ¶ 21); neither did he list the present lawsuits in his statement of financial affairs (id. at pp. 7-15; id. at p. 9, ¶ 4 (requiring the debtor to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case")). Thus, the causes

4

of action plaintiff that seeks to assert in this court were not abandoned to the debtor by operation of law upon the closing of his bankruptcy case. 11 U.S.C. § 554(d)("Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."); Parker, 365 F. 3d at 1272 ("Failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate.").

*Prudential Standing*

The fact that the causes of action alleged in plaintiff's complaint and proposed amendments belong to the Chapter 7 bankruptcy estate presents the issue of whether plaintiff has standing to prosecute them. Upon review of the relevant appellate decisions rendered on this issue – both published and unpublished – the court concludes that he does not.

In Burkett v. Shell Oil Company, 448 F.2d 59 (5th Cir. 1971)(per curiam), the district court concluded that a cause of action alleged to have arisen before the plaintiff filed for bankruptcy did not belong to the plaintiff but belonged, instead, to the trustee in bankruptcy. The Fifth Circuit affirmed the decision of the district court which had held, in granting the defendant's motion for summary judgment, "that [the plaintiff] did not have standing to sue Shell on his own behalf." Id.[4] On a subsequent appeal in the same lawsuit, the Fifth Circuit

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit held that "the decisions of the United States Court of Appeals for the Fifth Circuit (the "former Fifth" or the "old Fifth"), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit." Id. at 1207.

5

reiterated that – in rendering the judgment it had affirmed in the earlier appeal – the district court had "concluded that title to the antitrust claims passed to the trustee in bankruptcy, which transfer deprived [the plaintiff] of standing to sue." Burkett v. Shell Oil Company, 487 F.2d 1308, 1310 (5th Cir. 1973).[5, 6] The court further explained the underlying facts, including that plaintiff "did not include among his assets any claims against Shell Oil Company" when he filed his bankruptcy petition and, also, that he was discharged in bankruptcy 22 months before he commenced the antitrust action against Shell Oil. Id.

More recently, the Eleventh Circuit has also concluded that a plaintiff lacks standing to pursue, on his or her own behalf, causes of action that arose before the plaintiff filed a Chapter 7 bankruptcy petition and that have not been abandoned by the trustee. In Webb v. City of Riverdale, 472 F. App'x. 884 (11th Cir. 2012), the defendants sought summary

---

[5] In Dallas Cabana, Inc. v. Hyatt Corp., 441 F.2d 865 (5th Cir. 1971), the district court granted the defendants' motion to dismiss, in which defendants maintained that the cause of action asserted by a bankrupt corporation belonged to the trustee of the debtor corporation's bankruptcy estate. Id. at 866. The Fifth Circuit did not refer to standing expressly. However, it affirmed the dismissal, concluding that because all of the corporation's assets, including its rights of action, had vested in the trustee when the corporation filed its petition in bankruptcy, and the trustee had not abandoned the cause of action, the debtor corporation was not entitled to maintain the action. Id. at 867-68.

[6] The Burkett court did not analyze the standing issue. However, the facts of the case before it implicate the "prudential" aspects – rather than the constitutional requirements – of standing. To satisfy the "prudential" requirements for standing, a party generally must assert his own legal rights and interests rather than those of a third party. Harris v. Evans, 20 F.3d 1118, 1121 (11th Cir. 1994)(citation omitted). In order to establish third-party standing, a litigant "must first show that he 'has suffered an actual or threatened injury.' Second, he must demonstrate that a substantial relationship exists between himself and the third party. Finally, he must show that the rights of the third party will be diluted or infringed if he is not permitted to enforce that third party's rights." United States v. Baxter, 566 F. App'x. 830, 832-33 (11th Cir. 2014)(citing Harris, 20 F.3d at 1121-24).

judgment on the basis of judicial estoppel after they discovered that the plaintiff had filed a Chapter 7 bankruptcy petition during the pendency of his civil action against them, and had not disclosed the existence of the lawsuit. Id. The district court denied the summary judgment motion but dismissed the action without prejudice "on the ground that only the Trustee ... had standing to pursue the action." Id. The Eleventh Circuit found no error in the district court's dismissal without prejudice on the basis of the plaintiff's lack of standing. Id. However, it vacated the district court's order denying the summary judgment; the appeals court concluded that the district court should have refrained from ruling on the motion for summary judgment "because Webb did not have standing to prosecute the case," and – absent the trustee's abandonment of the claim to Webb – the question of judicial estoppel was not properly before the court. Id. at 884-85. In Chen v. Siemens Energy Inc., 467 F. App'x. 852 (11th Cir. 2012), "[t]he district court dismissed Chen's claim for lack of standing, upon learning that Chen, after filing her Title VII claim, had filed a petition for bankruptcy under Chapter 7, and thus, the bankruptcy trustee was the only party with standing to prosecute the Title VII claim." Id. at 853. The Eleventh Circuit determined "that Chen's Title VII claim became part of her bankruptcy estate upon the filing of her Chapter 7 petition. At that point, Chen lost standing, and the bankruptcy trustee became the only party with standing to bring the Title VII claim, unless the trustee later abandoned the claim from the estate, which has not occurred." Id. at 854. The Eleventh Circuit affirmed the district court's judgment dismissing the action for lack of standing. Id. In Baxley v. Pediatric Services of America, Inc., 147 F. App'x. 59 (11th Cir. 2005), the district court entered summary

judgment on the plaintiff's FMLA and ERISA claims against her former employer. The Eleventh Circuit noted that, after the termination of her employment, the plaintiff had filed a Chapter 7 petition without disclosing her claims and, also, that the bankruptcy court had discharged plaintiff of her debts and closed the estate. Id. at 60. The Eleventh Circuit affirmed the district court's grant of summary judgment in favor of the employer, reasoning as follows:

> Before we can reach the merits of Baxley's employment claims, we must determine whether Baxley has standing to bring these claims. We find that Baxley is without standing to pursue the instant claims because her employment claims are property of her Chapter 7 bankruptcy estate.
>
> \* \* \* \* \*
>
> "Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it." Parker v. Wendy's International, Inc., 365 F.3d 1268, 1272 (11th Cir. 2004)(citing Barger v. City of Cartersville, 348 F.3d 1289, 1292 (11th Cir. 2003)). "Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to § 554 of the Bankruptcy code." Id. (citing 11 U.S.C. § 554).
>
> In this case, Baxley's discrimination claim became an asset of the bankruptcy estate when she filed her bankruptcy petition. Regardless of Baxley's intentions or reasons for failing to disclose her employment claims on the bankruptcy schedules, Baxley's non-disclosed employment claims remain property of the estate. Additionally, there is no evidence that the trustee, the real party in interest in Baxley's discrimination suit, ever abandoned this claim. Thus, Baxley has no standing to bring the instant employment claims. Parker, 365 F.3d at 1272.

Id.[7] The court further noted that "[b]ecause Baxley has no standing to bring her employment claims against Pediatric Services, we need not reach the issue of judicial estoppel as raised in the parties' briefs and addressed by the district court." Id. at 61 n. 1.[8]

---

[7] In Parker, the plaintiff filed a petition for Chapter 7 relief two years after she filed her Title VII complaint; the bankruptcy court granted her a "no asset" discharge. Thereafter, her civil trial attorney moved for a continuance in order to advise the trustee of the action; the trustee investigated and moved to reopen the bankruptcy case and, after the bankruptcy court granted the motion, intervened in the Title VII action. Parker, 365 F.3d at 1269-70. The issue before the court was whether – due to the plaintiff's original non-disclosure of the cause of action – judicial estoppel barred the claims of the bankruptcy trustee. The Eleventh Circuit decided that it did not, because the bankruptcy trustee – "the only party with standing to prosecute causes of action belonging to the estate" – had never abandoned the claim and never took an inconsistent position under oath with regard to the discrimination claim. Id. at 1272. In a concluding footnote, the Eleventh Circuit suggested that the debtor would be a proper plaintiff as to claims for injunctive relief. Id. at 1273 n. 4 ("Even if there were a demand in the debtor's complaint for injunctive relief so that the debtor properly remained a plaintiff as to that relief, that would not alter the analysis of the inapplicability of judicial estoppel to the *trustee's* claim for money damages.")(underlined emphasis added). However, this statement is *dicta*, since there was no claim for injunctive relief before the Parker court. Id. Additionally, the bankruptcy code mandates that the bankruptcy estate includes "'all legal *or equitable interest* of the debtor in property as of the commencement of the case[.]'" Id. at 1272 (quoting 11 U.S.C. § 541(a)(1))(emphasis added). While it is conceivable that a trustee might choose to "split" a cause of action during its pendency so as to abandon a demand for equitable relief to the debtor, a trustee reasonably could decline to do so; the latter choice might best serve the interests of creditors, if – for instance – the trustee seeks to maintain control over all aspects of the litigation (subject to the approval of the bankruptcy court only) or is able to reach a monetary settlement on a cause of action, as a unitary whole, by giving up any right to equitable relief. See Bauer v. Commerce Union Bank, 859 F.2d 438 (6th Cir. 1988)("The trustee is empowered to compromise causes of action belonging to the bankruptcy estate[,]" subject to the approval of the bankruptcy court, and "in the first instance the person vested with responsibility for deciding whether to settle or fight is the trustee, not the debtor."). Whether judicial estoppel would bar a plaintiff from pursuing equitable relief is a distinct issue from whether that plaintiff has an interest in a cause of action that is sufficient to confer standing to pursue the claim at all. See Parker, 365 F.3d at 1272 ("Once an asset becomes part of the bankruptcy estate, *all rights held by the debtor in the asset are extinguished* unless the asset is abandoned back to the debtor pursuant to § 554 of the Bankruptcy Code.")(emphasis added).

[8] See also Bobadilla, 478 F. App'x. at 626-28 (in a case in which the plaintiffs obtained a Chapter 7 discharge in February 2011 and filed their civil lawsuit against the defendants on their pre-petition claims in April, the district court dismissed for lack of standing; the Eleventh Circuit did not analyze the standing issue, but – after rejecting the plaintiffs'/appellants' non-standing

9

In Barger v. City of Cartersville, 348 F.3d 1289 (11th Cir. 2003), the plaintiff filed a Chapter 7 petition several weeks after she sued her employer, without including the pending lawsuit in her Statement of Financial Affairs or schedule of assets. After the employer moved for summary judgment on the basis of judicial estoppel, the plaintiff sought and obtained a ruling from the bankruptcy court reopening her bankruptcy proceeding. The initial ruling was from the bench and, before the bankruptcy court issued its written order, the district court entered summary judgment against the plaintiff, concluding that her claims were barred by judicial estoppel and, alternatively, that she lacked standing to sue. The plaintiff filed a motion for reconsideration on the basis of the bankruptcy court's subsequent written decision finding that she had not concealed the discrimination claim or attempted to obtain a financial advantage in the bankruptcy proceeding, but the district court denied her motion. Id. at 1291-92. On plaintiff's appeal, the Eleventh Circuit concluded that plaintiff's claim satisfied the requirements for Article III standing and that "[t]he issue is really about who can litigate the claim, Barger or the Trustee." Id. at 1292. The court further determined that plaintiff's

---

contentions – affirmed the district court's judgment dismissing the action for lack of standing); Isaac v. IMRG, 224 F. App'x. 907, 909 (11th Cir. 2007)(concluding that the *pro se* litigant had abandoned the standing issue by failing to argue it in her brief on appeal; noting, however, that – if she had raised it – her argument would fail "because the cause of action she pursues in this case vested with the bankruptcy estate when she filed her bankruptcy petition" and, therefore, she "does not have standing to bring these claims because the only party with standing to bring these claims is the trustee of the bankruptcy estate"); Davy v. Star Packaging Corp., 517 F. App'x. 874, 876 (11th Cir. 2013)("We dismiss the appeal[] by Copeland[.] Copeland lacks standing to appeal. In 2009, when Copeland petitioned for bankruptcy, his claims of discrimination and retaliation became property of the bankruptcy estate. See 11 U.S.C. § 541(a); Parker v. Wendy's Int'l., Inc., 365 F.3d 1268, 1272 (11th Cir. 2004). As a result, only the trustee of Copeland's estate, who the magistrate judge recognized as the real party in interest, can appeal the summary judgment against Copeland's claims.").

10


claims were the property of the bankruptcy estate and that "[a]ccordingly, the Trustee is the real party in interest and *it has exclusive standing* to assert any discrimination claims." Id. (emphasis added). Although plaintiff had filed the appeal, the Eleventh Circuit concluded that "the Trustee may succeed her position from this point forward by virtue of Federal Rules of Civil Procedure 25(c)" and – since the district court had never directed the substitution or joinder of the Trustee – "the Trustee simply takes Barger's place from hereon." Id.[9]

In Parker, the district court granted the trustee's motion to intervene (Parker, 365 F.3d at 1270) and, in Barger, the Eleventh Circuit substituted the trustee for the plaintiff on appeal (Barger, 348 F.3d at 1292-93). Thus, in both cases, there existed a trustee who was empowered to act on behalf of the estate, and the Eleventh Circuit reached and resolved

---

[9] The Barger court's reference to the trustee's "exclusive standing to assert any discrimination claims" (348 F.3d at 1292) – understood as a reference to the plaintiff's inability to demonstrate prudential standing – does not conflict with its holding that the plaintiff satisfied the constitutional requirements for standing. The Eleventh Circuit has explained that "the prudential standing doctrine ... comprises three non-constitutional, non-jurisdictional, policy-based limitations on the availability of judicial review." Mulhall v. Unite Here Local 355, 618 F.3d 1279, 1290 (11th Cir. 2010)(citing Am. Iron and Steel Inst. v. OSHA, 182 F.3d 1261, 1274 n. 10 (11th Cir. 1999); see also CAMP Legal Defense Fund, Inc. v. City of Atlanta, 451 F.3d 1257, 1270 (11th Cir. 2006)("'Beyond the constitutional requirements, the federal judiciary has also adhered to a set of prudential principles that bear on the question of standing.' The Supreme Court has articulated three prudential standing requirements that allow courts to refuse the exercise of their jurisdiction.")(citations omitted); Dunn v. Advanced Medical Specialties, Inc., 556 F. App'x. 785, 789 (11th Cir. 2014)("[T]he Trustee contends that she had exclusive standing to prosecute this claim, and thus, the district court lacked subject matter jurisdiction to enter its orders. The Trustee confuses the principle of jurisdictional standing under Article III ..., which would impact the court's subject matter jurisdiction, with the principle of real party in interest, which does not impact the court's subject matter jurisdiction."); Bonillo v. Secretary, U.S. Dept. of Homeland Security, 497 F. App'x 913 (11th Cir. 2012)("We ... are satisfied that Bonillo has Article III standing. The remaining question is whether Bonillo has prudential standing. Because 'prudential standing is flexible and not jurisdictional in nature,' we prefer that this issue be decided by the district court in the first instance.")(quoting Am. Iron and Steel Inst., 183 F.3d at 1274 n. 10)(footnote omitted).

11

issues of judicial estoppel. In the lawsuits pending before this court, in contrast, there is – at present – no Chapter 7 trustee who could be substituted for the plaintiff pursuant to Rule 25(c).[10] The bankruptcy court discharged the trustee on February 17, 2015, when it closed the case. (See Doc. # 12 in bankruptcy case). The court's record of the bankruptcy proceeding reveals, as noted above, that the trustee abandoned no assets before the bankruptcy court discharged him as the trustee for the estate and, further, that plaintiff failed to disclose to the bankruptcy court the causes of action he asserts in the complaints and proposed amendments now before the court. Therefore, the court concludes, under the

---

[10] In a case cited by the Barger court (348 F.3d at 1292) – Wieburg v. GTE Southwest Inc., 272 F.3d 302 (5th Cir. 2001) – the district court had dismissed plaintiff's claims, holding that the plaintiff lacked standing because the trustee was the real party in interest. Id. at 305. The trustee in plaintiff's reopened bankruptcy case had agreed – with the approval of the bankruptcy court – to allow the plaintiff to continue to prosecute pre-petition employment discrimination claims in her own name without the trustee's intervention, subject to plaintiff's obligation to use any monies received by settlement or judgment to pay all claims and fees in the bankruptcy case; the trustee had also sought and obtained the bankruptcy court's approval to retain the attorney representing plaintiff in the civil lawsuit as counsel for the bankruptcy estate. Id. at 304-05. The employer argued that the plaintiff's claims should be dismissed for lack of standing or, in the alternative, that the trustee should be joined or substituted as the real party in interest; the plaintiff contended that, due to her agreement with the trustee, she properly could pursue the action without him and that, at most, the trustee should be joined as a nominal co-plaintiff. Id. at 305. After the district court dismissed the action, the plaintiff moved to vacate the judgment, arguing that "there was no just basis for dismissing the action without allowing an opportunity for the Trustee to be joined or substituted"; her attorney represented to the court that the trustee joined in the motion. Id. The district court denied the motion to vacate. Id. The Fifth Circuit determined that plaintiff's agreement with the trustee did not "satisf[y] the requirements necessary to confer standing on [the plaintiff]"(id. at 307) and, "because the claims are property of the bankruptcy estate, the Trustee is the real party in interest with exclusive standing to assert them." Id. at 306. The court held, however, that "it was an abuse of discretion for the district court to dismiss the action without explaining why the less drastic alternatives of either allowing an opportunity for ratification by the Trustee, or joinder of the Trustee, were inappropriate." Id. at 309. On remand, the district court again dismissed plaintiff's claims because she was not the real party in interest, stating its reasons for dismissing instead of substituting the trustee. On appeal of the second judgment of dismissal, the Fifth Circuit affirmed. Wieburg v. GTE Southwest, Inc., 71 F. App'x. 440 (5th Cir. 2003).

authority of Burkett – as well as the persuasive unpublished opinions of the Eleventh Circuit in Webb, Chen, and Baxley – that plaintiff lacks standing to continue to prosecute the causes of action before the court, since all of plaintiff's legal and equitable interests in the causes of action were extinguished when they became assets of his bankruptcy estate, and they were not abandoned to the debtor by the trustee or by operation of law.[11] While plaintiff's inability

---

[11] The facts in Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282 (11th Cir. 2002), in which the court decided judicial estoppel issues and allowed the plaintiff to proceed on his claims for equitable relief, are not meaningfully distinguishable from those in the present case. However, the Burnes opinion does not touch on any issue of standing. Thus, the Eleventh Circuit's exercise of jurisdiction in Burnes – without comment on the plaintiff's standing – does not constitute binding precedent on the issue of prudential standing in the present case. See United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33, 37-38 (1952)("We need not inquire what should have been the result upon that case had the Government denied or the Court considered whether the objection there sustained was taken in time. The effect of the omission was not there raised in briefs or argument nor discussed in the opinion of the Court. Therefore, the case is not a binding precedent on this point. Even as to our own judicial power or jurisdiction, this Court has followed the lead of Chief Justice Marshall who held that this court is not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed sub silentio.")(citations in footnotes omitted); United States v. Mitchell, 271 U.S. 9, 14 (1926)("That question was not presented to the court for decision, and no such question was considered or decided. It is not to be thought that a question not raised by counsel or discussed in the opinion of the court has been decided merely because it existed in the record and might have been raised and considered."); Webster v. Fall, 266 U.S. 507, 511 (1925)("Counsel for appellant directs our attention to other cases, where this court proceeded to determine the merits notwithstanding the suits were brought against inferior or subordinate officials without joining the superior. We do not stop to inquire whether all or any of them can be differentiated from the case now under consideration, since in none of them was the point here at issue decided. The most that can be said is that the point was in the cases if any one had seen fit to raise it. Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents."); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1999)("We are persuaded, however, that the Kennedy footnote [Kennedy v. Tallant, 710 F.2d 711, 718 n. 6 (11th Cir. 1983)] does not prevent courts in this Circuit from judicially noticing relevant public records on file with the SEC, because the judicial notice concept was apparently not argued to the Kennedy panel."). In Parker, the court observed that "it is questionable as to whether judicial estoppel was correctly applied in Burnes. The more appropriate defense in the Burnes case was, instead, that the debtor lacked standing." Parker, 365 F.3d at 1272. It appears, however, that constitutional standing was not in question as to the plaintiff's employment discrimination claims in Burnes (cf. Barger, 348 F.3d at 1292), and – since the court does not mention it – that the non-jurisdictional issue of prudential standing was not raised

to continue to satisfy the prudential requirements of standing might have been remedied by the substitution of a trustee appointed to represent the plaintiff's bankruptcy estate, as occurred in Parker and Barger, the trustee previously appointed to administer plaintiff's bankruptcy estate was discharged from that office by the bankruptcy court. The bankruptcy court has not reopened the case and directed that the United States Trustee appoint a trustee to administer the bankruptcy estate.  (See 11 U.S.C. § 350(b); Fed. R. Bankr. P. 5010; see also United States v. Transocean Air Lines, Inc., 356 F.2d 702 (5th Cir. 1966)("The adjudication in bankruptcy of Transocean did not, of itself, substitute the Trustee in bankruptcy in the litigation pending in Florida.  There should have been a motion and an order.  Since the Trustee did not seek to be substituted for Transocean, it did not become a party.")(citing Fed. R. Civ. P. 25(c); additional citation omitted)). Thus, the procedural mechanism afforded by Rule 25(c) cannot be invoked to remedy the plaintiff's lack of prudential standing to pursue causes of action that no longer belong to him.

## CONCLUSION

---

on appeal.

      Additionally, the court notes that other Eleventh Circuit decisions apply judicial estoppel without referring to standing, but in the Chapter 13 context.  See *e.g.*, Robinson v. Tyson Foods, Inc., 595 F.3d 1269 (11th Cir. 2010); DeLeon v. Comcar Industries, Inc., 321 F.3d 1289 (11th Cir. 2003). The Eleventh Circuit has held that Chapter 13 debtors retain standing to pursue claims on behalf of their bankruptcy estates. Crosby v. Monroe County, 394 F.3d 1328, 1331 n. 2 (11th Cir. 2004)("Crosby's bankruptcy filing does not prevent us from adjudicating the merits of this appeal. The automatic stay provision of the Bankruptcy Code ... does not extend to lawsuits initiated by the debtor. ... Additionally, because Crosby filed under Chapter 13 of the Bankruptcy Code, he retains standing to pursue legal claims on behalf of the estate.")(citations omitted); see also Pavlov v. Ingles Markets, Inc., 236 F. App'x. 549, 549 n. 2 (11th Cir. 2007)("As a debtor in a Chapter 13 bankruptcy, Velimir Pavlov retains standing to pursue legal claims.")(citing Crosby).  The plaintiff now before the court was a Chapter 7 debtor.

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that these consolidated actions be DISMISSED without prejudice, due to plaintiff's lack of standing to pursue the causes of action he asserts in his complaint, or those he seeks to assert by amendment, against the defendants.[12]

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before March 27, 2015. Any objections filed must identify specifically the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. See United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009)(citing Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 13th day of March, 2015.

---

[12] Because the relevant pleadings are a matter of record in this court and the bankruptcy court for this district, and because the plaintiff has the opportunity to object to this recommendation, the court found it unnecessary to direct a "show cause" order to the plaintiff before recommending dismissal due to plaintiff's lack of standing.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE